IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SEAN FITZGERALD ROWELL,

                        Plaintiff,                              OPINION AND ORDER

        v.                                                      23-cv-554-wmc

SHEILA REIFF, WILLIAM W. BRASH,
M. JOSEPH DONALD, and TIMOTHY G. DUGAN

                        Defendants.

        Plaintiff Sean Rowell, a state inmate representing himself, brings this action against

District I Wisconsin Court of Appeals judges: (1) William Brash; (2) M. Joseph Donald;

and (3) Timothy G. Dugan along with Clerk of Court Sheila Reiff in their individual and

official capacities.  (Dkt. #1.)  Because Rowell is incarcerated and has not prepaid the filing

fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, and

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks money damages from an immune defendant.

The court accepts Rowell's allegations as true and construes them generously, holding the

amended complaint to a less stringent standard than one a lawyer drafts.  *Arnett v. Webster*,

658 F.3d 742, 751 (7th Cir. 2011).  Rowell does not state individual capacity claims

against Judges Brash, Donald, and Dugan because the judges are entitled to judicial

immunity.  He does not state an official capacity claim against any defendant for money

damages, and the court does not have subject matter jurisdiction to issue an injunction

reinstating his time to appeal.  Finally, plaintiff has not alleged sufficient facts to state a

claim against Clerk Reiff in her individual capacity.

OPINION

Rowell alleges that he filed a "writ/petition" seeking review of his criminal convictions with the Wisconsin Court of Appeals in February 2018.[1] He asked the Court of Appeals for updates on his case in September 2019 and March 2021, but court staff told him that the case was pending and would be decided in due course. In May 2021, Rowell submitted a complaint with the Judicial Commission, asking the Commission to investigate why his case had "languished" at the Court of Appeals. Rowell asserts that the Court of Appeals decided the case against him on February 10, 2022, and that he informed the Judicial Commission that he had heard nothing from the Court of Appeals on February 13. He alleges that he did not receive a paper copy of the decision until April 5, 2022.[2] He asserts that the delay in receiving the paper copy caused him to miss deadlines for moving for reconsideration or petitioning for review with the Wisconsin Supreme Court. Rowell alleges that Judges Brash, Donald and Dugan, and Clerk Reiff, delayed forwarding him a paper copy of the decision in retaliation for his filing a complaint with the Judicial Commission. Rowell further alleges that, on April 26, the Judicial Commission notified him that court records showed that the Court of Appeals issued a decision on February 10, and a copy was provided to him.

---

[1] Records show that Rowell has convictions from 1992 and 1997. *See https://appsdoc.wi.gov/lop/details/detail* (last visited Oct. 3, 2024). The court has been unable to identify which conviction Rowell challenged in the 2018 motion.

[2] Plaintiff initially alleges that he received the decision on **May** 5, 2022, but his other allegations suggest that he received it on **April** 5, 2022.

Rowell alleges four claims against defendants: (1) First Amendment retaliation; (2) "class of one" equal protection under the Fourteenth Amendment; (3) First Amendment denial of access to courts; and (4) Wisconsin state law negligence.  He seeks damages and injunctive relief -- reinstatement of his appellate rights.

Judges are entitled to absolute immunity for challenged actions that are "judicial in nature."  *See Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016).  Although a judge is not entitled to absolute immunity for "purely ministerial or administrative" tasks, "giving notice [of a decision] cannot be classified as merely administrative so as to avoid the immunity defense."  *Lowe v. Letsinger*, 772 F.2d 308, 312-13 (7th Cir. 1985) (concluding that judge was entitled to absolute immunity when plaintiff alleged that the judge had withheld notice of an order for three weeks).  Here, to the extent that Rowell sues Judges Brash, Donald, and Dugan in their individual capacities, they are entitled to absolute immunity for allegedly withholding notice of their decision, and plaintiff's proper recourse is habeas corpus proceedings.  *See id.* ("proper recourse [where a judge delays making a decision] is through habeas corpus proceedings not through civil proceedings against the judge").

Next, Rowell cannot obtain money damages for official capacity claims against Judges Brash, Donald, and Dugan and Clerk Reiff, as such claims are barred by the Eleventh Amendment.  *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000) (federal suits for damages against state officials in their official capacities are barred by Eleventh Amendment sovereign immunity).  Moreover, "[t]he *Rooker-Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction over claims seeking

3

review of state court judgments." *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983)). Under the *Rooker-Feldman* doctrine, the court lacks jurisdiction to order Wisconsin state courts to reinstate Rowell's appellate rights. *See Seely v. Seely*, No. 22-2651, 2023 WL 7490048, at *1 (7th Cir. Nov. 13, 2023) ("*Rooker-Feldman* holds that district courts lack jurisdiction to entertain suits from dissatisfied state-court litigants seeking to overturn state-court decisions"), *reh'g denied*, No. 22-2651, 2024 WL 644678 (7th Cir. Feb. 15, 2024).

Thus, the only claims remaining are Rowell's individual capacity claims against Clerk Reiff for damages. To start, it is unclear whether she is entitled to quasi-judicial immunity when plaintiff only alleges that she acted "in conjunction" with the Court of Appeals judges to delay sending him a paper copy of his case. *See Lowe*, 772 F.2d at 313-14 (no absolute immunity for clerk who allegedly concealed entry of post-conviction order); *but see Schneider v. Cnty. Of Will*, 366 Fed. App'x 683, 685 (7th Cir. 2010) (nonjudicial actors entitled to immunity when "performing ministerial acts under a judge's supervision and intimately related to judicial proceedings"). However, that conclusory allegation is insufficient to allege that Clerk Reiff is not entitled to quasi-judicial immunity. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of respondent's allegations . . . that disentitles them to the presumption of truth.").

Likewise, Rowell has not stated a claim against Clerk Reiff because he has alleged insufficient facts about her actions. *First*, to state a First Amendment retaliation claim, a plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2)

the defendant took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in the defendant's decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546, 552 (7th Cir. 2009).

Certainly, Rowell's complaint to the Judicial Commission is constitutionally protected. *See Zorzi v. County of Putnam*, 30 F.3d 885, 896 (7th Cir. 1994) ("Retaliation for filing a lawsuit is prohibited by the First Amendment's protection of free speech."). Moreover, Rowell appears to assert that Reiff intentionally prevented him from further pursuing his appeal, which would deter an ordinary person from engaging in protected activity.

Still, Rowell does not allege facts showing that his complaint was a motivating factor in Reiff's decision to retaliate against him because he has not alleged that the complaint to the Judicial Commission was about her, much less that she knew about the complaint. *Morfin v. City of E. Chi*, 349 F.3d 989, 1005 (7th Cir. 2003) ("The protected conduct cannot be proven to motivate retaliation if there is no evidence that the defendants knew of the protected activity." (quotation marks omitted and alterations adopted)). Although he does allege that Reiff "took a severe retaliatory action that was motivated by plaintiff[']s protected speech," that conclusory allegation is insufficient to show causation. *Bridges*, 557 F.3d at 546, 552. Rowell also asserts that the timing of the adverse action was suspicious. However, the court cannot plausibly infer from the timing of the alleged delay that Reiff retaliated against him because he alleges that nine months passed between his May 2021 complaint to the Judicial Commission and February 2022, when the delay allegedly began.

5

*See Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (finding that five-month delay between filing of lawsuit and the alleged adverse act was insufficient to support an inference of retaliation).

*Second*, Rowell has not plausibly alleged a class of one equal protection claim under the Fourteenth Amendment. A plaintiff may bring a class-of-one equal protection claim for being treated "intentionally . . . differently from others similarly situated" for no rational reason. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (quotation marks omitted). Allegations that a government official has targeted a plaintiff for official harassment and that the harassment is motivated by personal animus or malice may also state a class-of-one claim. *Baxter v. Weimert*, No. 24-CV-453-JDP, 2024 WL 4039790, at *2 (W.D. Wis. Sept. 4, 2024). Rowell alleges that he was "treated differently from other prisoners who were in similar circumstances" because of Reiff's intentional retaliation or purposeful discrimination. (Dkt. #1, at 7.) He further alleges that Reiff singled him out for "arbitrary and irrational treatment." (*Id.* at 8.) Absent *specific* allegations about Reiff's actions, however, these "threadbare recitals of a cause of action's elements" are not enough to state a claim against her. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009).

*Third*, for Rowell to succeed on an access to courts claim, a plaintiff must show that he was, or is, suffering an "actual injury" by being "frustrated" or "impeded" in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement. *DeBauche v. Wisconsin Dep't of Corr.*, No. 17-CV-454-WMC, 2021 WL 2860983, at *3 (W.D. Wis. July 8, 2021) (quotation marks omitted). Although Rowell

alleges that the delayed mailing prevented him from pursuing an appeal regarding his criminal conviction, plaintiff has not adequately alleged that Reiff was personally involved in the delay. *See Pearson v. Manlove*, No. 20-CV-487-WMC, 2021 WL 1966601, at *3 (W.D. Wis. May 17, 2021) (§ 1983 requires personal involvement in the alleged constitutional violation).

*Fourth*, Rowell's allegation that Reiff's conduct fell below the applicable standard of care is simply too conclusory to state a Wisconsin state law negligence claim. *See Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865 (to prevail on a claim for negligence in Wisconsin, plaintiff must prove that defendant breached her duty of care and plaintiff suffered injury as a result).

Thus, the court will dismiss Rowell's complaint but allow him to amend his complaint with specific allegations about Reiff's role in the delayed mailing of the Wisconsin Court of Appeals' opinion.


ORDER

IT IS ORDERED that:

1) Plaintiff Sean Rowell's complaint is DISMISSED without prejudice. (Dkt. #1.)

2) Plaintiff has until **December 4, 2024**, to file an amended complaint against Reiff. If plaintiff fails to respond to this order by that date, the court will dismiss his claims without prejudice for failure to prosecute, see Fed. R. Civ. P. 41(b).

Entered this 13th day of November, 2024.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge

7